[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2011
JOHN LEY
CLERK

_____

No. 10-11218
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00379-SCB-TBM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEORGE HOUSTON, JR.,
a.k.a. Junior,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 23, 2011)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

After a jury trial, George Houston, Jr. was convicted of conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Houston was sentenced to 240 months' imprisonment. He now asks that we overturn his conviction on the ground that the district court abused its discretion by admitting into evidence his 1992 conviction for distribution of cocaine base, in violation of 21 U.S.C. § 841(a). Because we conclude that the error, if any, in the conviction's admission was harmless, we affirm.

At trial, the government introduced many audio and video recordings of Houston negotiating to buy large quantities of cocaine from a confidential informant. In one telephone recording, Houston requested a meeting with the confidential informant's supplier to test the purity of the cocaine. At the meeting, the "supplier"—an undercover Drug Enforcement Agency agent — "flashed" a kilo of cocaine, which Houston's son tested for purity. Houston's son testified that he and his father had discussed purchasing 10 kilograms of cocaine and that he went to the meeting with his father expecting that they would purchase cocaine.

The government also called Joey Dunlap, a convicted drug dealer, who testified that Houston asked him to help Houston distribute 10 kilograms of cocaine. The undercover DEA agent who "flashed" the kilogram of cocaine testified that Houston agreed to buy 13 kilograms of cocaine from him and that

Houston said that he could "move" 30 kilograms of cocaine a week. After the government finished examining the DEA agent, it offered into evidence Houston's 1992 conviction for distribution of cocaine base. The conviction was admitted over Houston's objection. Houston argues that district court abused its discretion by admitting his prior conviction.

We need not reach Houston's argument, however, because we conclude that the error, if any, was harmless. Even if a prior conviction is admitted erroneously, reversal of a conviction is only warranted if the error had a substantial effect on the outcome of the trial and there was no other evidence sufficient to support the verdict. *United States v. Harriston*, 329 F.3d 779, 789 (11th Cir. 2003). We have held that such error is harmless where other evidence of the defendant's guilt is overwhelming. *Id.*

Here, between the testimony of the undercover DEA agent, Houston's son, and Dunlap, as well as the tape and video recordings of Houston's meetings with the confidential informant, the other evidence of Houston's guilt is overwhelming. Houston has not shown how the publication his prior conviction had a substantial effect on the outcome of the proceeding. Because the other evidence of Houston's guilt is overwhelming, we conclude that any error caused by admitting his 1992 conviction was harmless. Accordingly, we affirm Houston's conviction.

**AFFIRMED.**